UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LISA D. GRAHAM,

    Plaintiff,

v.

KILOLO KIJAKAZI,

    Defendant.

No. C 19-03233 WHA

**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**

## INTRODUCTION

In this social security appeal, plaintiff's counsel moves for an award of attorney's fees pursuant to 42 U.S.C. Section 406(b). The requested award is permissible under the statute but unworkable under his contract with plaintiff. This order finds that attorney's fees should be reduced based on the underlying contingent-fee agreement. To the extent stated herein, the motion is **GRANTED**.

## STATEMENT

Plaintiff Lisa D. Graham applied for social security disability insurance benefits and was denied at the initial determination and reconsideration stages. After she filed a request for rehearing, an administrative law judge rendered an unfavorable decision, which the appeals council affirmed. Graham subsequently filed an appeal of that decision in federal court in June 2019. In December 2020, the parties' stipulation to remand for further administrative proceedings was approved and final judgment was entered in favor of Graham (Dkt. No. 25).

Following remand, in June 2022, an administrative law judge rendered a partially favorable decision. Graham was awarded $81,957.00 in retroactive past-due benefits. This order considers the attorney's fees that she should pay out of her benefits award for representation at the district court level.

**ANALYSIS**

Attorney's fees for successful representation of social security disability claimants are governed by 42 U.S.C. Section 406, which "deals with the administrative and judicial review stages discretely." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(a) controls attorney's fees for successful representation in administrative proceedings, and Section 406(b) controls attorney's fees for successful representation in judicial proceedings. Whereas attorney's fees granted pursuant to Section 406(a) are awarded by the Commissioner of Social Security, those granted pursuant to Section 406(b) are awarded by the reviewing court. Section 406(b), however, "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, [Section] 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807.

Attorney Harvey P. Sackett successfully represented Graham at the administrative and judicial review stages. The Commissioner awarded him six thousand dollars in attorney's fees under Section 406(a). Attorney Sackett now moves for an award of $18,989.25 under Section 406(b). As he acknowledges, the requested award would be offset by a previously-approved Equal Access to Justice Act (EAJA) payment of $3,639.12, for a net fee of $15,350.13. And Graham has already provided Attorney Sackett $9,350.13 that he has held in an attorney trust account awaiting this order. Thus, Attorney Sackett seeks the difference between the amount that he has received and the offset amount that he has requested, which is six thousand dollars.

*First*, as a threshold matter, this order assesses whether Attorney Sackett can be awarded attorney's fees for his representation of Graham at the judicial review stage. Section 406(b)(1)(A) states that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine

and allow as part of its judgment a reasonable fee for such representation[.]" Our court of appeals reads Section 406(b) broadly "to include all substantial work done before the court even when the attorney's work results only in a remand to the agency . . . so long as the claimant eventually is awarded past-due benefits, whether at the agency level or during further judicial proceedings." *Parrish v. Comm'r of Social Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012) (quotation omitted). Here, Attorney Sackett appealed an unfavorable decision in district court on behalf of Graham and the action was remanded. Following remand, an administrative law judge issued a partially favorable decision and awarded past-due benefits. As such, Attorney Sackett can be awarded attorney's fees under Section 406(b).

*Next*, this order turns to the reasonableness of the requested fee award. Section 406(b)(1)(A) provides that a court may award "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" Attorney Sackett has requested a fee of $18,989.25. Graham was awarded $81,957.00 in retroactive past-due benefits. As Attorney Sackett observes, his requested fee is less than 25 percent of Graham's past-due benefits award ($81,957.00 * 0.25 = $20,489.25), the "one boundary line" Congress provided in Section 406(b). *Gisbrecht*, 535 U.S. at 807. The contingent-fee agreement here, however, provided an additional boundary line. According to this agreement, if Graham "receive[d] a favorable decision at any time following an unfavorable or partially favorable administrative law judge decision either at any administrative level or at the judicial level[,]" she would

> pay Sackett and Associates, subject to the approval of the Social Security Administration for representation at the administrative level, *and* by the district or circuit court for representation at the judicial level, a fee no greater than 25% of the past-due benefits owed to [her] (and [her] auxiliary beneficiaries, if applicable).

(Exh. C) (emphasis added). Critically, the plain language of the agreement provides for a 25 percent cap that is not limited to attorney's fees awarded by a court. The use of "and" requires that Graham pay a total fee no greater than 25 percent of the past-due benefits owed, accounting for both fees awarded by the Commissioner under Section 406(a) and fees awarded by the reviewing court under Section 406(b). Because the sum of the fee awarded to Attorney

3

Sackett by the Commissioner under Section 406(a) ($6,000.00) and the fee he has requested from the district court under Section 406(b) ($18,989.25) is greater than 25 percent of the past-due benefits owed to Graham ($20,489.25), Attorney Sackett has moved for an award that would violate the terms of the agreement. The fee request cannot be blessed.

Note the requested award does not violate the terms of the statute. This order recognizes that the Supreme Court recently clarified the 25 percent cap under Section 406(b) applies only to fees for successful representation before a court under Section 406(b), not to aggregate fees awarded for successful representation before both the agency and court under Sections 406(a) and 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517 (2019). But this motion presents a question of contractual interpretation, not statutory interpretation. Recall that "[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. Although the statute itself does not impose a 25 percent cap on aggregate fees, it also does not prevent parties entering into a contingent-fee agreement from imposing a more rigid cap within Section 406(b)'s 25 percent boundary. That is precisely what Attorney Sackett and Graham have done here.

Any argument that Attorney Sackett could make challenging this contractual interpretation is foreclosed. This order observes that Attorney Sackett previously filed a motion based on the exact same language — before the exact same judge — seeking an award of attorney's fees under Section 406(b). In his supporting memorandum, Attorney Sackett expressly stated that "[he was] to be paid a *total* maximum of 25% of the subject past-due benefits being withheld as and for attorney's fees for work performed under § 406(a) *and* (b)." *Zutis v. Colvin*, No. C 12-01897 WHA (Dkt. No. 23, Mem. at 3–4) (emphasis in original). Although this would have preceded the Supreme Court's decision in *Culbertson*, our court of appeals had already held that Section 406(b)'s 25 percent cap did not limit aggregate fees awarded under Sections 406(a) and 406(b). *See Clark v. Astrue*, 529 F.3d 1211, 1218 (9th Cir.

2008). If Attorney Sackett wishes to avail himself of this line of statutory interpretation to seek greater fees, he must adjust the relevant contractual language.[1]

Based on the underlying contingent-fee agreement, this order can award Attorney Sackett "a fee no greater than 25% of the past-due benefits owed to [Graham.]" This is not $18,989.25 but rather $14,489.25: 25 percent of the past-due benefits owed to Graham ($81,957.00 * 0.25 = $20,489.25) minus the fee awarded to Graham by the Commissioner under Section 406(a) ($6,000.00).

*Finally*, this order assesses the reasonableness of the adjusted fee. The factors considered by our court of appeals in reviewing the reasonableness of attorney's fees under Section 406(b) favor awarding $14,489.25 to Attorney Sackett. According to the Ninth Circuit, "[t]he court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808). *First*, the record indicates that Attorney Sackett provided adequate representation, enabling Graham to receive a benefits award after having been denied at four levels of administrative review. *Second*, Attorney Sackett did not cause undue delay. To the extent that there was any delay in Graham receiving her past-due benefits, this appears to be on account of the Social Security Administration (likely a COVID era backlog). *Third*, the adjusted fee is not excessively large compared to the attained benefits when considering the risk of loss Attorney Sackett assumed. He expended roughly 17 hours representing Graham in district court, including reasonable time spent preparing a motion for summary judgment. Moreover, the fee will be offset by the $3,639.12 EAJA award that

---

[1] The requested award was analogous in *Zutis*. There, Attorney Sackett moved for $9,079.00 under Section 406(b). The total past-due benefits awarded for the fully favorable decision on remand was $60,317.00, 25 percent of which is $15,079.25. Subtracting the $6,000.00 awarded under Section 406(a) for professional services performed at the administrative level as a result of the fully favorable decision from $15,079.25 yields $9,079.25. Attorney Sackett appears to have rounded down by $0.25.

Attorney Sackett has already received, and Graham will only need to provide him an additional $1,500.00. This is not an excessive percentage of the total recovery.[2]

## CONCLUSION

To the extent stated herein, the motion for attorney's fees is **GRANTED**. Plaintiff's counsel is awarded $14,489.25, subject to the EAJA credit of $3,639.12, for a net fee award of $10,850.13 under 42 U.S.C. Section 406(b).

**IT IS SO ORDERED.**

Dated: November 22, 2022.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2] The $9,350.13 that Graham previously provided to Attorney Sackett appears to correspond with 25 percent of the past-due benefits that she received via check ($75,957.00) minus the EAJA award ($3,639.12) and the Section 406(a) award ($6,000.00). ($81,957.00 - $6,000.00) * 0.25 - $6,000.00 - $3,639.12 = $9,350.13. Graham received a check for $75,957.00 in lieu of the $81,957.00 she was owed because the Commissioner withheld $6,000.00 for paying the Section 406(a) award. This order notes that the contingent-fee agreement required Graham to pay "a fee no greater than 25% of the past-due benefits owed," not the past-due benefits received.